*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
                                    :
STEPHEN SIMONI,                     :
                                    :
                                    :
         Plaintiff,                 :      Civil Action No. 10-6798 (FLW)
                                    :
    v.                              :
                                    :      OPINION
EDWARD DIAMOND, *et al.*            :
                                    :
                                    :
         Defendants.                :
_____:

**WOLFSON, District Judge**:

Plaintiff Stephen Simoni ("Plaintiff") brings this action against Jersey Shore University Medical Center ("JSUMC"), Meridian Health Systems Inc., Meridian Health Inc., Meridian Hospital Corp., Meridian Health (collectively with JSUMC, the "Hospital"), Health Professionals and Allied Employees, AFT, AFL-CIO, HPAE Local 5058 (together, the "Union") and several individual defendants alleging various labor and employment violations arising from the termination of Plaintiff's employment with JSUMC. Presently before the Court is a motion by Plaintiff for reconsideration of the October 5, 2014 decision of the Hon. Joel A. Pisano, United States District Judge,[1] denying Plaintiff's motion for partial summary judgment. *See* Opinion and Order, ECF Nos. 80, 81. Defendants oppose the motion. For the reasons below, the Court finds that Plaintiff has failed to meet his burden of demonstrating that reconsideration is warranted and denies Plaintiff's motion.

---

[1] This matter was recently reassigned to the undersigned upon the retirement of Judge Pisano.

**I. BACKGROUND**

Because the facts of this case are set forth in a number of prior Opinions (*see*, *e.g.*, Judge Pisano's October 5, 2014 Opinion (ECF No. 80) and the Opinion of the Third Circuit Court of Appeals filed March 20, 2013 (ECF No. 33-2)), only a brief recitation of the relevant facts is necessary here.

This case arises out of Plaintiff's employment as a nurse in the cardiac catheterization laboratory at JSUMC. Plaintiff began working at JSUMC in August 2010. He was terminated approximately two months later, prior to the expiration of a 90-day probationary period applicable to new employees.

During the time of Plaintiff's employment, there was in effect a collective bargaining agreement ("CBA") between the Union and JSUMC that governed the conditions of employment for certain employees.[2] Under the CBA, the Union could initiate a grievance on behalf of an employee to contest a disciplinary action or discharge. The CBA further provided that the Union could submit the issue to arbitration if the parties were unable to resolve the grievance.

Following his termination, Plaintiff requested that the Union file a grievance on his behalf. The Union's representative did so, but the grievance was denied by the Hospital. The Union representative then advised Plaintiff that the Union would not be pursuing arbitration on Plaintiff's behalf. This action followed.

On April 18, 2011, Plaintiff filed an Amended Complaint asserting seven causes of action: (1) a hybrid Section 301 claim under the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), alleging a breach of the CBA and a breach of the duty of fair representation; (2) unfair labor practices in violation of Section 7 of the National Labor Relations Act ("NLRA"), 28 U.S.C. § 157; (3) violation of the New Jersey Law Against Discrimination; (4) defamation;

---

[2] A key dispute between the parties in this case regards the applicability of the CBA to Plaintiff.

(5) breach of contract; (6) violation of New Jersey's Conscientious Employee Protection Act; and (7) tortious interference.

In response to the Amended Complaint, the Hospital and the individual defendants moved to dismiss all but the third cause of action pursuant to Rule 12(b)(6). The Union moved to dismiss the sole claim directed to it, the Section 301 claim. On October 6, 2011, Judge Pisano granted the motions, dismissed Plaintiff's federal law claims and declined to exercise supplemental jurisdiction over the remaining state law claims. ECF Nos. 27, 28. Judge Pisano held that Plaintiff had failed to state a claim under the LMRA because Plaintiff failed to plead facts sufficient to show that the Union had breached its duty of fair representation. ECF No. 27 at 6-10. Specifically, Judge Pisano found that the Amended Complaint was lacking in allegations showing that the Union's conduct was arbitrary or irrational, which is a necessary element of a claim for a breach of the duty of fair representation. *Id.* at 7. Further, because demonstrating that the Union had breached its duty of fair representation was a necessary predicate to Plaintiff's Section 301 claim against the Hospital, Judge Pisano dismissed that claim against the Hospital as well. Turning then to Plaintiff's NLRA claim, Judge Pisano found it was preempted and subject to the exclusive jurisdiction of the National Labor Relations Board. *Id.* at 11-12. With no federal claims remaining in the action, the Court declined to exercise supplemental jurisdiction over the state law claims.

Plaintiff appealed Judge Pisano's ruling, and the Court of Appeals for the Third Circuit, in a decision filed March 20, 2013 (the "March 20th decision"), affirmed in part and reversed in part. ECF No. 33-2. The Third Circuit affirmed the dismissal of Plaintiff's NLRA claim, but reversed the dismissal of Plaintiff's Section 301 claim and remanded the matter for further proceedings. The Circuit Court found that the facts pled were sufficient to state a claim for

3

breach of the duty of fair representation. *Id.* at 9-12. With respect the claim's requirement that the Union's conduct be arbitrary or irrational, the Third Circuit pointed to allegations that the Union, in declining to pursue arbitration on Plaintiff's behalf, relied on a "past practice" of considering probationary employees to be outside the scope of the CBA. *Id.* at 10. The Circuit Court found this sufficient to support a claim that the Union acted unreasonably because the CBA's integration clause expressly states that "past practices, polices or procedures" do not form any part of the agreement. *Id.* The Circuit Court also rejected the Union's argument that a "plain reading" of the CBA shows that it does not apply to probationary employees, finding that there existed a "plausible" interpretation of the CBA which does not exclude probationary employees from its coverage. *Id.* at 11.

The matter was remanded to District Court, and Plaintiff subsequently moved for summary judgment on his Section 301 claim. In support of this motion, Plaintiff relied primarily on the Third Circuit's March 20th decision, arguing that "[b]ecause the Third Circuit has ruled that [Plaintiff] was entitled to all procedural and substantive protections of the CBA" there remained no factual issues as to whether the Hospital breached the CBA. ECF No. 51-2 at 3. In his Opinion denying Plaintiff's motion, Judge Pisano stated that Plaintiff, in basing his motion on the March 20th decision, misapprehended the standard applied by the Third Circuit in its analysis of the motion to dismiss. Judge Pisano explained that while that the Third Circuit found that Plaintiff's interpretation of the CBA was "plausible" such that Plaintiff's Section 301 claim could withstand a 12(b)(6) challenge, the Circuit Court's decision, which reviewed a motion to dismiss, did not and could not resolve disputed factual issues. ECF No. 80 at 9. Finding that the Hospital had produced sufficient evidence to show that genuine issues of material fact existed

4

with respect to Plaintiff's Section 301 claim, Judge Pisano denied Plaintiff's motion. Plaintiff now moves for reconsideration of that decision.

## II. ANALYSIS

Local Civil Rule 7.1(i) governs motions for reconsideration and requires the moving party to "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i). The burden on the moving party is quite high and reconsideration is granted very sparingly. To prevail on such a motion, the movant must demonstrate either: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Notably, a motion seeking reconsideration may not be used by a party to "restate arguments that the court has already considered." *Lawrence v. Emigrant Mortg. Co.*, Civ. No. 11–3569, 2012 WL 5199228, *2 (D.N.J., Oct. 18, 2012). Nor may be such a motion be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc. v. Comm. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.*, 16 F.Supp.2d 511, 532 (D.N.J.1998) (internal citation omitted). Further, where a party merely has a difference of opinion with the court's decision, the issue should be raised through the normal appellate process; reconsideration is not the appropriate vehicle. *Dubler v. Hangsterfer's Laboratories*, Civ. No. 09–5144, 2012 WL 1332569, *2 (D.N.J., Apr. 17, 2012) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)).

Applying the above legal standards, Plaintiff's motion for reconsideration must fail. As an initial matter, Plaintiff's motion essentially repeats the arguments raised in his original summary judgment motion. He argues, just as he did previously, that the Third Circuit "resolved with finality" the question of whether the protections of the CBA applied to probationary employees and, as such, the material facts are undisputed and entitle him to judgment as a matter of law. ECF No. 82 at 1. However, "[t]o support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Twp.*, 996 F. Supp. 409, 442 (D.N.J. 1998). Here, Plaintiff attempts to meet this requirement by stating at the outset of his brief that the District Court "appears to have 'overlooked'" the Third Circuit's March 20th decision. It is beyond dispute, however, that Judge Pisano did consider and apply the March 20th decision in ruling on Plaintiff's summary judgment motion. Rather, Plaintiff disagrees with Judge Pisano's interpretation and application of that Third Circuit decision. However, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G–69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (citation omitted). Plaintiff having failed to carry his burden here, the motion for reconsideration is denied.

### III.  CONCLUSION

For the reasons above, Plaintiff's motion for reconsideration is denied.  An appropriate Order accompanies this Opinion.


DATED:        April 22, 2015

/s/ Freda L. Wolfson<br>
FREDA L. WOLFSON, U.S.D.J.